McKinney, J.
delivered the opinion of the court.
The errors supposed to exist in this case, are in the charge of the circuit' judge to the jury.
1st. His honor stated, “that when a larceny has been committed, and the stolen goods are found shortly thereafter, the law presumes he is-the thief in whose possession they are found. That when nothing more appears, than that the goods were stolen, and that they were shortly thereafter found in possession of the defendant, the presumption interposes with the full power of law, and demands a conviction. That in such case the jurors have no doubt, but it becomes their duty to return a verdict of guilty. That this presumption is not conclusive, and of course yielded to sufficient opposing evidence whenever it should be offered,” &c.
We think his honor has laid down the rule in strong language, but we cannot, for this reason, reverse the judgment. Taking the entire charge, the principle is correctly stated; greater force or efficacy is not given to the legal presumption than in such case properly belongs to it. The law has defined the nature and amount of evidence which shall make a prima *79 facie case of guilt. The burden of proof is cast upon the defendant, and if unexplained, either by direct evidence, or by the attending circumstances, or by the character and habits of life of the defendant, or otherwise, the presumption of law becomes conclusive that' his possession is' a guilty possession. This presumption talies the place of plenary proof; in such case no doubt can exist, and the jury are bound to find in favor of the presumption. We cannot control or dictate to the circuit judges the tone or language of their charges: we can only determine whether legal principles have been correctly announced.
2d. “The judge called the attention of the jury to the evidence of the witness, Brown, stating there. was a remarkable circumstance connected with it, that has not been noticed at the bar, which was, that he does not state that the horse, he says the defendant swapped for, was the horse of the prosecutor ; nor does he sáy he knew the horse of the prosecutor; nor was he asked on his examination as to his knowledge .on these points.”
This was not charging upon the facts, as is argued for the plaintiff in error. The judge may “state the evidence,” if in the exercise of his discretion he deems it necessary or proper to do so. And in doing so, we think, it is within the legitimate scope of his province to point out fairly and direct the attention of the jury to discrepancies in the testimony of witnesses, or to the omissions of material facts which may justly lessen, or destroy the force or effect of their evidence. This may not unfrequently be as necessary to the protection of the innocent as to the punishment of the guilty. And the right to “state the evidence,” if restricted to narrow limits, would be of no material'use. We think there is no error in this record, and therefore affirm the judgment of the circuit court.